UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAURENTINO ZUNIGA,

        Petitioner,

v.                               CAUSE NO. 3:20-CV-105-DRL-MGG

WARDEN,

        Respondent.

## OPINION & ORDER

Laurentino Zuniga, a prisoner without a lawyer, filed an amended habeas corpus petition attempting to challenge his convictions and 60-year sentence under cause number 02D04-0410-FA-60 by the Allen Superior Court on June 20, 2005. ECF 8 at 1. However, habeas corpus petitions are subject to a strict one-year statute of limitations.

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation why the petition is timely. In response, Mr. Zuniga wrote,

> This Writ of Habeas Corpus is filed in accordance with the rules governing sec. 2254 cases and Title 28 USC 2244(b)(3)(A) and is available to Petitioner who herein states that the conviction and sentence imposed is in violation of the U.S. Constitution amendments five, six, eight, and fourteen respectively. Petitioner Zuniga invokes at this time a proceeding under this rule and statute to secure relief and will submit [if needed] evidentiary material and supplementary case opinion for consideration in accordance with Title 28 USC sec(s) 2246, 2247 respectively. The Petitioner additionally invokes Fed. R Evid. 201(d); when mandatory "A court shall take judicial notice if requested by a party and supplied with necessary information." The Petitioner respectfully requests that this filing be construed liberally in accordance with the United States Supreme Court ruling in *Erickson v Pardus*, 551 US 89, 94 (2007), as the Petitioner is trying to speak 'plainly' and is without an attorney at present. Petitioner avers that his Post-Conviction attorneys were ineffective in the sense that both attorney's withdrew their appearances' when there was evidence that Zuniga had a *Boykin* issue.

ECF 8 at 5 (brackets in original).

Nothing in his answer or any other part of the petition indicates state action impeded him from filing a habeas corpus petition sooner, that his claims are based on a newly recognized constitutional right, or that his claims are based on newly discovered evidence. 28 U.S.C. § 2244(d)(1)(B), (C), and (D) thus don't establish the start of the limitation period.

The limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of the time to pursue direct review. Mr. Zuniga filed a direct appeal to the Indiana Court of Appeals, but he didn't petition for transfer to the Indiana Supreme Court. *See* docket sheet at: https://publicaccess.courts.in.gov/docket/Search/Detail?casenumber=UkAooIjKPzYHNxFy5jPuUO9_sWjgAUOtKKW-aPB9LSjPTQqst112rXxCokJb3xcg0. The time for pursuing direct review ended when the time to file a petition to transfer expired on April 5, 2006. *See* Ind. R. App. P. 57(C) (thirty days to petition for transfer) and *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). ("[T]he judgment becomes final . . .when the time for pursuing direct review . . . expires."). The one-year period of limitation expired on April 5, 2007.

Mr. Zuniga didn't have any other properly pending state court proceeding challenging this conviction until he filed a post-conviction relief petition in 2011. However, that did not "restart" the federal clock, or "open a new window for federal collateral review."[1] *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009). The original habeas corpus petition filed in this case was not deposited into the prison mail system until January 31, 2020. ECF 2 at 15. Therefore, this habeas corpus petition is years late. Because it is untimely, this petition must be dismissed.

---

[1] However, even if it did, this petition would still be untimely. In the appeal from the denial of his post-conviction relief petition, his petition to transfer to the Indiana Supreme Court was denied on January 17, 2019. He didn't place his original habeas corpus petition into the prison mail system until more than a year later on January 31, 2020. *See* ECF 2 at 15.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. There is no basis for encouraging Mr. Zuniga to proceed further and a certificate of appealability must be denied. For the same reasons, he may not appeal *in forma pauperis* because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely;

(2) DENIES Laurentino Zuniga a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Laurentino Zuniga leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the clerk to close this case.

SO ORDERED.

August 24, 2020                                          *s/ Damon R. Leichty*
                                                         Judge, United States District Court